FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ SEP 03 2014 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PAULA JACKSON,

        Plaintiff,

    -against-

COUNTY OF NASSAU, MICHAEL J. SPOSATO,
SERGEANT SIATTA, LIEUTENANT GOLIO, and
JOHN DOES #1-5,

        Defendants.
------------------------------------------------------------X

MEMORANDUM AND ORDER

CV 12-6358

(Wexler, J.)

APPEARANCES:

LaSasso Law Group, PLLC
By: Marial LaSasso, Esq.
80 Maiden Lane, Suite 2205
New York, NY 10038
Attorneys for Plaintiff

Sunshine & Feinstein, LLP
By: Brian R. Feinstein, Esq.
666 Old Country Road, Suite 605
Garden City, NY 11530
Attorney for Defendants

WEXLER, District Judge:

    Plaintiff Paula Jackson ("Jackson" or "Plaintiff") brings this action claiming that she was discriminated against as a result of her sex and race in violation of 42 U.S.C. § 1983, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000-e, *et seq.* ("Title VII"), and the New York State New York Executive Law §§ 296 and 297, ("N.Y. Exec. Law"). Defendants County of Nassau ("County"), Michael J. Sposato, the Nassau County Sheriff ("Sposato"), Sergeant

-1-

Siatta of the Nassau County Sheriff's Correction Division ("Siatta")[1], Lieutenant Golio of the Nassau County Sheriff's Correction Division Legal Department ("Golio"), and John Does #1-5 (collectively "Defendants") move to dismiss Plaintiff's complaint pursuant to Federal Rules of Civil Procedure ("Fed.R.Civ.P."), Rule 12(b)(6). For the reasons that follow, Defendants' motion is denied in part and granted in part.

## BACKGROUND

I. <u>Factual Background</u>

According to the facts alleged in Plaintiff's complaint, she is a 49-year old African-American woman employed as a corrections officer for the Nassau County Sheriff's Department ("Sheriff's Dept.") since October 1999. <u>See</u> Verified Amended Complaint ("AC"), ¶¶ 12, 23.

In 2008, Plaintiff Jackson filed a sexual harassment complaint with Defendant Siatta claiming another corrections made false sexual statements about Plaintiff Jackson. Plaintiff alleges those complaints were ignored by Defendants Siatta and Golio. AC ¶ 24-31. In retaliation for that complaint, Plaintiff alleges she was stripped of responsibilities, lost weapons privileges, and received less favorable assignments. AC ¶ 31.

At the end of 2008, Plaintiff began a personal relationship with Michael Watson ("Watson"), who was arrested several months later, in May 2009, and housed at Nassau Correctional Facility for one week. AC ¶ 32-34. Following his arrest, Watson made several calls to Jackson. AC ¶ 35-36. In March 2010, a federal search warrant was conducted at Watson's residence. Plaintiff was not named in the warrant, nor believed to be a subject of the warrant.

---

[1] Plaintiff claims the correct spelling of this defendant's name is "Saitta." <u>See</u> Plaintiff's Memorandum in Opposition ("Mem. In Opp."), at 1.

Plaintiff has no criminal record. AC ¶ 38-41.

On May 19, 2010, Plaintiff Jackson, who had never previously been disciplined, was terminated with the Sheriff's Department by the Defendants. AC ¶ 42-43. The stated bases for her termination was for accepting phone calls from Watson and for not safeguarding her uniform. AC ¶ 44. Plaintiff alleges that at least three male Caucasian corrections officers ("COs") have had relationships with female inmates, used cell phones at work, and even been convicted of crimes, but have not been terminated. AC ¶¶ 45-49.

After being terminated, Plaintiff filed a grievance over her terminations and requested arbitration. AC ¶ 50. Plaintiff alleges that in response, on July 1, 2010, the Defendants referred Plaintiff to the Nassau County District Attorney's officer for criminal investigation and prosecution. AC ¶ 51.

Plaintiff further alleges that on January 11, 2011, Plaintiff was arrested for twenty-eight (28) counts of official misconduct, including twenty-six (26) counts for the calls made by Watson to Plaintiff. AC ¶¶ 54-55. Just prior to trial, an information was filed reducing the charges to nine (9). Plaintiff was acquitted after a trial by a jury on April 9, 2012 of al nine (9) charges. AC ¶¶ 56-58.

Since being terminated, Plaintiff alleges she has been fighting unsuccessfully to get her job back, is unable to find work, and has lost salary, benefits and seniority, and been deemed a "risky hire" by law enforcement or private security companies as a result of Defendants' false charges. AC ¶¶ 61-69. Plaintiff alleges that Defendants were retaliating against her for filing a complaint against Evans, filing a grievance and seeking arbitration following her termination, and that she was discriminated against on the basis of her sex and race, since male Caucasians of

similar rank were not subject to the same treatment or discipline. AC ¶¶ 70-77.

II.   Plaintiff's Complaint and the Motion to Dismiss

Plaintiff's complaint alleges claims for sex and race discrimination and retaliation in violation of 42 U.S.C. § 1983, Title VII and the N.Y. Executive Law, and claims for malicious prosecution and abuse of process in violation of § 1983 and under New York law. Plaintiff also claims infliction of emotional distress.

Defendants move to dismiss Plaintiff's complaint in its entirety, arguing that Plaintiff's claims under § 1983 and N.Y. Exec. Law are subject to a three year statute of limitations, that there is no basis to impose liability under the individual defendants under Title VII, that Plaintiff does not state sufficient facts to support any of her discrimination or retaliation claims, that the complaint fails to indicate sufficient involvement of the individual defendants, who are in any event, entitled to qualified immunity, and there is no basis for the claims against the County, or the claim for infliction of emotional distress.[2]

# DISCUSSION

I.   Standards on Motions to Dismiss

In considering a motion to dismiss made pursuant to Rule 12(b)(6), the court must accept

---

[2]To support the motion, Defendants have submitted and cite to the Notice of Personnel Action given to Plaintiff and the transcript of Plaintiff's GML § 50-H hearing. In reviewing a motion to dismiss, the court reviews the pleading itself, and does not consider matters outside the pleadings. See Fed.R.Civ.Pr, Rule 12(b)(6); Staehr v. Hartford Financial Services Group, Inc., 547 F.3d 406, 425-426 (2d Cir. 2008). Alternatively, if the court is to consider submissions from outside the pleadings, the motion must be treated as one for summary judgment, and "all parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed.R.Civ.P., Rule 12(d); Staehr, 547 F.3d at 426. The Court declines to treat this as one for summary judgment and has not considered the matters outside the pleadings provided by the Defendants.

the factual allegations in the complaints as true, and draw all reasonable inferences in favor of Plaintiff. Bold Electric, Inc. v. City of New York, 53 F.3d 465, 469 (2d Cir. 1995). In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Supreme Court rejected the standard set forth in Conley v. Gibson, 355 U.S. 41 (1957), that a complaint should not be dismissed, "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," id. at 45-46. The Supreme Court discarded the "no set of facts" language in favor of the requirement that plaintiff plead enough facts "to state a claim for relief that is plausible on its face." Twombly, 550 U.S. at 570; see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although heightened factual pleading is not the new standard, Twombley holds that a "formulaic recitation of cause of action's elements will not do... Factual allegations must be enough to raise a right to relief above the speculative level." Twombley, at 555. A pleading need not contain "'detailed factual allegations,'" but must contain more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, at 678, quoting Twombley, at 555 (other citations omitted). "Determining whether a complaint states a plausible claim for relief" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, at 679. Reciting bare legal conclusions is insufficient, and "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, at 679. A pleading that does nothing more than recite bare legal conclusions is insufficient to "unlock the doors of discovery." Iqbal, at 678-679.

II. The Present Motion

    A. <u>Plaintiff's Claims for Discrimination and Retaliation under § 1983, Title VII and N.Y. Exec. Law</u>

The thrust of Defendants' motion is that Plaintiff's amended complaint fails to sufficiently allege that she suffered any discrimination or retaliation as a result of her sex or race, and therefore her claims under § 1983, Title VII and the N.Y.Exec. Law should be dismissed. See Defendants' Memorandum in Support ("Def. Mem."), at 6-15. Defendants argue that the complaint fails to allege any discrimination based on her sex or race, other than alleging that white male co-workers also had relationships with inmates, including phone calls, and yet they were treated differently than Plaintiff. Defendants cite Plaintiff's testimony at her § 50-H hearing, arguing it undermines her discrimination claim.

As noted above, *infra* note 2, this is a motion to dismiss and the Court's review is limited to the allegations in the complaint. See Fed.R.Civ.Pr, Rule 12(b)(6).[3] In this context, Plaintiff's allegations are deemed to be true, with all reasonable inferences drawn in favor of the plaintiff. Iqbal, at 678-679. Plaintiff amended complaint alleges that at least three Caucasian male COs had relationships with female inmates, that many, if not all, COs carried their cell phones to work, some of whom had relationships with inmates, and yet they were not disciplined as she was. AC ¶¶ 45-48. Plaintiff further alleges that there were male white COs who had been convicted of crimes and were not terminated. AC ¶ 49. Plaintiff's complaint alleges that she was treated differently than other male, non-minority employees. AC ¶ 65.

---

    [3]Following discovery, Defendants may seek to move for summary judgment, at which time both sides will have the opportunity to present material pertinent to the motion.

The Court finds that accepting the factual allegations of Plaintiff's complaint as true, and drawing all reasonable inferences in favor of Plaintiff as required under Rule 12(b)(6), the facts alleged in Plaintiff's amended complaint sufficiently substantiate a claim of discrimination and retaliation under § 1983, Title VII and the N.Y. Exec. Law. Therefore, Defendants' motion to dismiss Plaintiff's claims on this basis is denied.

B.  Plaintiff's § 1983 Claims against Defendants Sposato, Siatta and Golio[4]

Defendants argue that Plaintiff's § 1983 claims against Defendants Sposato, Siatta and Golio fail because the allegations do not indicate any personal involvement in the alleged discrimination, or that they had no authority or supervisory control over Plaintiffs. Again, Defendants repeatedly cite Plaintiff's § 50-H testimony to bolster this argument, which the Court has not considered in the context of this motion to dismiss. See Def. Mem., at 15-17.

It is well-settled that to hold a defendant individually liable for a civil rights violation a plaintiff must plausibly allege some personal involvement in the constitutional violation. Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010); Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994), abrogated on other grounds, Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995) (citations omitted); Leshore v. Commissioner of Long Beach Police Department, 2012 WL 1032643 * 6 (E.D.N.Y. 2012). Personal involvement necessary to impose individual liability includes situations where the defendant: (1) directly participated in the infarction; (2) failed to remedy the wrong after learning of the constitutional violation; (3) created the policy or custom under which the unconstitutional practice occurred or allowed such custom or policy to

---

[4]Plaintiff concedes that there is no individual liability under Title VII and therefore Defendants' motion to dismiss the Title VII claims against the individual Defendants is granted.

continue or, (4) was grossly negligent in managing subordinates who caused the unlawful event. In addition, "liability may also be imposed where an official demonstrates 'gross negligence' or 'deliberate indifference' to constitutional rights ... by failing to act on information that unconstitutional practices are taking place." Wright, 21 F.3d at 501 (citations omitted); see also Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995).

According to the complaint, Plaintiff filed a sexual harassment complaint in 2008 against another CO with Defendant Siatta, that Defendant Golio was aware of the complaint, and yet both of those Defendants disregarded it. AC ¶ 24-30. The complaint continues to allege that after Plaintiff was terminated and filed a grievance and a request for arbitration, the Defendants retaliated against her by fabricating department violations and referring her for criminal prosecution.

Plaintiff's allegations against Defendant Sposato are different. He was the Nassau County Sheriff (AC ¶ 14), and Plaintiff alleges he was aware of "systemic, widespread misconduct" by County employees, and that he acted with "deliberate indifference" in failing the change the practices, ignoring court orders, and "defending the pattern and practice of unconstitutional conduct." AC ¶ 135. The complaint also alleges Sposato failed to train or properly supervise causing civil rights violations. AC ¶ 136.

Assuming them to be true, these facts substantiate claims that Defendants Siatta and Golio directly participated in the constitutional violation, and that Defendant Sposato either created the policy or failed to properly manage subordinates causing violations to occur. Therefore, the motions to dismiss the claims as to these Defendants is denied.

The Court also denies Defendants' motion to dismiss claims against these Defendants on

the basis of qualified immunity. Qualified immunity protects an official from civil liability if their conduct does not "violate clearly established statutory or constitutional rights of which a reasonable person would have known." Taravella v. Town of Wolcott, 599 F.3d 129, 133 (2d Cir. 2010) (internal quotations, citations omitted). When evaluating whether qualified immunity applies, the court must engage in a two-part inquiry: 1) whether the constitutional right has been violated; and 2) whether that right was clearly established at the time of the alleged misconduct. Pearson v. Callahan, 555 U.S. 223, 230-231 (2009).

Like a motion to dismiss, when evaluating whether qualified immunity is available, the Court must "accept as true all well-pled factual allegations, and draw all reasonable inferences in the plaintiff's favor." Warney v. Monroe County, 587 F.3d 113, 120 (2d Cir. 2009), citing Johnson v. Newburgh Enlarged School Dist., 239 F.3d 246, 250 (2d Cir. 2001). Accepting Plaintiff's allegations as true – that the Defendants instigated a criminal prosecution against Plaintiff to justify her termination, to discredit her and to deny her arbitration rights – they may not be entitled to qualified immunity. Therefore Defendants' motion to dismiss the § 1983 claims on this basis is denied.

C. Plaintiff's § 1983 Claims against the County

In order to hold a municipality liable under 42 U.S.C. § 1983, a plaintiff is required to prove: (1) actions taken under color of law; (2) the deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury. Roe v. City of Waterbury, 542 F.3d 31, 36 (2d Cir. 2008), citing Monell v. Dep't of Social Servs., 436 U.S. 658, 690-91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). "In short, to establish municipal liability under § 1983, a plaintiff must prove that 'action pursuant to official

municipal policy'" caused the alleged constitutional injury. Cash v. County of Erie, 654 F.3d 324, 333 (2d Cir. 2011), cert. denied, 132 S.Ct. 1741 (2012).

Plaintiff alleges that she suffered discrimination and retaliation and unsubstantiated criminal prosecution stemming from "*de facto* policies, practices customs and usages" of the County. AC ¶ 130, *et seq.* If true, these allegations sufficiently state a claim against the County and Defendants' motion to dismiss this claim is denied.

D. Statute of Limitations

Plaintiff's original complaint was filed on December 24, 2011. Plaintiff concedes that the three-year statute of limitations precludes her from making discrimination or retaliation claims based on the sexual harassment complaint she filed in 2008. Plaintiff also concedes that she has no basis to allege Title VII claims stemming from her termination in May 2010 – more than 300 days prior to filing her complaint. See Pl. Mem. in Opp., at 2. Therefore Plaintiff's claims are limited accordingly.

E. Infliction of Emotional Distress

Defendants also seek to dismiss Plaintiff's claim for infliction of emotional distress. To establish a claim for intentional infliction of emotional distress under New York law, a plaintiff must show: "(1) extreme and outrageous conduct, (2) intent to cause severe emotional distress, (3) a causal connection between the conduct and the injury, and (4) severe emotional distress." Garrison v. Toshiba Business Solutions (USA), Inc., 907 F.Supp.2d 301, 307-308 (E.D.N.Y. 2012) (citations omitted). The Court finds that Plaintiff's alleged facts, if true, sufficiently substantiate this claim, and denies Defendants' motion.

## CONCLUSION

For the reasons stated above, the Court hereby denies Defendants' motion to dismiss in all respects, except dismisses the Title VII claims against Defendants Siatta, Golio and Sposato, part; and narrows Plaintiff's claims as noted above in section D. Trial of this matter is hereby scheduled for June 1, 2015.

SO ORDERED.

                                            s/ Leonard D. Wexler
                                            _____
                                            LEONARD D. WEXLER
                                            UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
        September 3, 2014